In the Matter of the ESTATE OF Howard W. WALKER, Deceased.

Evelyn WALKER, Appellant,

v.

Joe CROSS and Roberta Cross, Appellees.

No. 90–140.

Supreme Court of Iowa.

July 17, 1991.

R.J. Wagener and Jeffrey M. Lipman of Wagener Law Firm, Ankeny, for appellant.

Stephen Meyer of Meyer Law Firm, Chariton, for appellees.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, SNELL, and ANDREASEN, JJ.

LARSON, Justice.

Joe and Roberta Cross borrowed $58,000 from Roberta's father, Howard Walker. They gave three promissory notes to Howard, two payable to Howard alone, and a third to "Howard Walker or Evelyn Walker." Evelyn is Roberta's stepmother. Just prior to Howard's death, he attempted to forgive this indebtedness. The district court ruled that the discharge was effective as to the notes payable to Howard alone but not as to the note payable to Howard or Evelyn. We affirm in part and reverse in part.

In 1988, Howard became ill and was hospitalized. Immediately after his discharge from the hospital, Howard wrote Evelyn's name below his on the two notes originally payable to him alone. Howard soon returned to the hospital, and while there, deteriorated to the point that he needed twenty-four-hour care. Evelyn was confined to a wheelchair and was not able to care for Howard, who stayed with Joe and Roberta. While Howard was staying there, he sent Joe to Howard's home to get clothing and personal effects. Evelyn refused to release any of Howard's property.

Howard's attorney came to the Cross home, where Howard executed a document entitled "Release of Notes" prepared and notarized by his attorney. This document purported to release and discharge all three notes. Howard executed a will which forgave and released the promissory notes and died the following month.

Howard's estate requested a ruling on the validity of his attempted discharge of the three notes which, Evelyn claimed, were ineffective. The district court ruled that Howard had "materially altered" two of the notes by adding Evelyn's name, and therefore, the discharge by Howard alone was effective as to them. *See* Iowa Code § 554.3407(2)(b) ("[altered] instrument may be enforced according to its original tenor," *i.e.*, by Howard as sole payee). The court ruled, however, that the third note had not been properly discharged because Howard lacked possession of it. *See* Iowa Code § 554.3116(a) (instrument payable to the order of two or more persons may be "discharged or enforced by any of them who has possession of it").

Evelyn appealed the district court decision regarding its finding of material alteration of the two notes. Joe and Roberta cross-appealed, claiming that the discharge of the third note was also effective.

I. *The Altered Notes.*

 The Cross's argue, and the court found, that the addition of Evelyn's name to two notes was a material alteration. Because of the material alteration, the notes could only be enforced according to their original tenor, meaning Howard had authority to discharge the notes. Evelyn argues that the addition of her name by Howard was not a material alteration.

Section 554.3407 of the Iowa Code provides:

1. Any alteration of an instrument is material which changes the contract of any party thereto *in any respect,* including any such change in

a. *the number or relations of the parties;* or

b. an incomplete instrument, by completing it otherwise than as authorized; or

c. *the writing as signed, by adding to it or by removing any part of it.*

(Emphasis added.) The effect of material alterations is also discussed in section 554.-3407:

2. As against any person other than a subsequent holder in due course

a. alteration by the holder which is both fraudulent and material discharges any party whose contract is thereby changed unless that party assents or is precluded from asserting the defense;

b. no other alteration discharges any party *and the instrument may be enforced according to its original tenor,* or as to incomplete instruments according to the authority given.

3. A subsequent holder in due course may in all cases enforce the instrument according to its original tenor, and when an incomplete instrument has been completed, that holder may enforce it as completed.

(Emphasis added.) The comments to this section explain:

Any alteration is material only as it may change the contract of a party to the instrument; and the addition or deletion of words which do not in any way affect the contract of any previous signer is not material. But *any change in the contract of a party, however slight, is a material alteration....*

Specific mention is made of a change in the number or relations of the parties in order to make it clear that any such change is material only if it changes the contract of one who has signed.

(Emphasis added.) *See also* 4 Am.Jur.2d *Alteration of Instruments* § 47, at 44 (1962) ("The insertion in a note of the name of a payee, or an additional payee, is regarded ordinarily as a material alteration.").

At the common law and under statutes declaratory thereof including the Uniform Commercial Code and the earlier Negotiable Instruments Act, the change of a payee in negotiable paper by substitution of a different payee, or by a change in the character of the payee, by a party thereto, is a material alteration, vitiating the instrument as against nonconsenting parties. This rule is uniformly adhered to unless the change is justified on some other principle, as where the legal effect of the instrument is not changed by virtue of the fact that compensating changes accompany the change in payee, or where the change is to correct a mistake, or where the words inserted after the name are merely descriptio personae, or where the words inserted, when taken with the original words, are wholly senseless and inoperative.

3A C.J.S. *Alteration of Instruments* § 38, at 301–02 (1973); *see* J. Norton & S. Whitley, *Banking Law Manual* § 12.02[3] (1991) ("When a person signs an instrument, his obligation is to pay the instrument according to the terms at the time he signs it."); 2 T. Eisenberg, *Debtor–Creditor Law* ¶ 12.10[B][6][b], at 12–112 (1990) ("[A]dding an interest rate to a previously signed note will constitute a material alteration, as will change in or addition to the name of the payee."). The Uniform Commercial Code comment to Iowa Code section 554.3407 is in accord: "The addition of the name of an alternative payee is material, since it changes [the maker's] obligation."

Here, the addition of Evelyn's name was a "change in the contract of a party," and thus an alteration under Iowa Code section 554.3407, because of the effect of section 554.3116. That section provides:

An instrument payable to the order of two or more persons

a. if in the alternative is payable to any one of them and may be negotiated,

discharged or enforced by any of them who has possession of it;

b. if not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them.

Prior to the addition of Evelyn's name, Howard could have discharged or enforced the note without restrictions. However, when the note was altered, it became one "payable to the order of two or more persons," under section 554.3116. It was not payable in the alternative, so under section 554.3116(b), it could be negotiated, discharged, or enforced only by Howard and Evelyn together. This constitutes a substantial change in the contract of the makers.

We agree with the district court that the alteration was material under section 554.-3407 and that, under section 554.3407(2)(b), it would be "enforced according to its original tenor." The original notes were payable to Howard as the sole payee, and he therefore had the authority to discharge them.

II. *The Note Payable to Howard Walker or Evelyn Walker.*

 Under Iowa Code section 554.-3116(a), the note payable to "Howard Walker or Evelyn Walker" is a note payable in the alternative and may be discharged or enforced by any of the payees who had possession of the note. The district court found that Howard's discharge of the September 1985 note was ineffective because it was not in his possession.

The type of possession required by section 554.3116 has never been determined by this court. Evelyn argues, and the district court apparently concluded, that the term should be construed to mean actual physical possession. The Crosses argue, on the other hand, that possession under this section simply means that the payee has dominion or control over the note, and we believe that is sufficient.

Evelyn argues that, even if that were so, Howard still lacked dominion or control over the note. When Howard was staying at the Cross home and sent Joe to get Howard's personal effects, Joe was denied entrance to the house. Evelyn contends that this is evidence that Howard lacked control of the note, which was located in the home.

We believe that Evelyn's interpretation of control or dominion is too restrictive. Under her theory, a payee who had the note in a locked bank box would not be in possession of it. It is unquestioned here that Howard could have enforced his right of possession to the note, through legal process if necessary. We believe that, for purposes of section 554.3116, possession is not limited to physical possession but extends to items under the payee's dominion and control. Under this test, Howard had possession of the note and could discharge it. We therefore reverse on this issue.

We affirm on the appeal, reverse on the cross-appeal, and remand for entry of judgment in favor of Joe and Roberta on their claim to the note payable to Howard "or" Evelyn as well as the other two notes.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.